James Nelson COLEMAN, Petitioner-Appellant,

v.

E. L. MAXWELL, Warden Ohio Penitentiary, Respondent-Appellee.

No. 16141.

United States Court of Appeals
Sixth Circuit.

Sept. 30, 1965.

William P. Streng (Court appointed), Cincinnati, Ohio, for appellant, Taft, Stettinius & Hollister, Cincinnati, Ohio, on the brief.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee, William B. Saxbe, Atty. Gen., Columbus, Ohio, on the brief.

Before O'SULLIVAN and EDWARDS, Circuit Judges, and MATHES, .Senior District Judge.*

PER CURIAM.

Petitioner-appellant filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Ohio, Eastern Division, seeking to attack collaterally his convictions in the Court of Common Pleas in Cuyahoga County, Ohio, on three counts of burglary and three counts of larceny. Before that court, prior to trial, petitioner had made motions to suppress evidence seized in two searches; one of an automobile belonging to Coleman's wife and under his control and possession, and the other a search of a store-front which had been leased by petitioner. The motions were based upon the fact that the searches were made without warrant and the claim that both were in violation of petitioner's constitutional rights.

On denial of these motions to suppress, petitioner was subsequently tried to a jury and found guilty as stated above. He then appealed to the Ohio Court of Appeals, alleging the failure to suppress the evidence just referred to as appellate issues. The judgment of the lower court was affirmed, State v. Coleman, 91 O.L. Abs. 191, 186 N.E.2d 93 (1962). Thereupon appeal was taken to the Supreme Court of Ohio on the same grounds, whereupon that court dismissed the appeal. State v. Coleman, 174 Ohio St. 574, 191 N.E.2d 58 (1963).

Upon filing of the writ of habeas corpus in the United States District Court for the Southern District of Ohio, Eastern Division, the District Court dismissed the petition for failure to exhaust state remedies. Petitioner was subsequently granted leave to appeal in forma pauperis and this court appointed counsel for the argument of his appeal.

■ It is clear to this court that once an issue of asserted federal constitutional violation has been presented to the highest state court in the state concerned, that the doctrine of exhaustion of remedies does not require futile repetitive presentation to such court by repeated attempts through a variety of motions. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963); Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953); McBee v. Bomar, 296 F.2d 235 (C.A.6, 1961); Saulsbury v. Green, 347 F.2d 828 (C.A.6, 1965).

We note that petitioner's conviction occurred on April 3, 1962, and the dismissal of his appeal in the Supreme Court of Ohio occurred in January of 1963, both dates being well after the decision of the United States Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), which served to establish that the Fourth Amendment prohibitions on unreasonable searches and seizures were prospectively [1] applicable to the states.

■ We believe the District Judge's denial of this petition without hearing was in error.

Reversed and remanded.

---

* William C. Mathes, sitting by designation from the Southern District of California.

1. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).