**Lizzie Etta LEMONS and Bennie Maurice Lemons, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 21940.

United States Court of Appeals Ninth Circuit.

Feb. 28, 1968.

Stuart J. Faber (argued), Hollywood, Cal., for appellants.

William J. Gargaro, Jr. (argued), Asst. U. S. Atty., William M. Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before ELY and CARTER, Circuit Judges, and CARR, District Judge.

JAMES M. CARTER, Circuit Judge.

This case involves only the question of probable cause for arrest of appellants

without a warrant. The question was raised by motion to suppress, and the motion denied. The appellants were tried by a jury and convicted.

## THE FACTS

On July 14th, 1966, about 10 to 10:30 P.M., officers of the Los Angeles Police Department and the State Bureau of Narcotics Enforcement, together with one, James Bircher, an informer or paid employee, proceeded to adjoining houses on South Mira Monte Street in Ontario, California. Bircher had been previously searched by the officers and no narcotics or money were found on his person. He was then supplied with $150 in currency from state funds and the serial numbers were noted by the officers.

The officers parked their car and took up various positions. Bircher proceeded to the dwelling house of Margaret Ward at 1715 S. Mira Monte and was granted admittance.[1] About ten minutes later, within view of the officers, he left the premises at 1715 and proceeded next door to 1721 S. Mira Monte where he was greeted at the door by appellant Lizzie Etta Lemons (hereafter Mrs. Lemons). Bircher handed a sum of currency supplied by the officers to Mrs. Lemons at the screen door and she in turn handed a package to Bircher.

Bircher returned to the officers' car, handed them a celluloid container which appeared to be heroin and said it had been handed to him by Mrs. Lemons pursuant to a phone call made in his presence by Margaret Ward, while Bircher was in Ward's house.

The officers then went to the house of Mrs. Lemons and knocked at the door. Receiving no response they announced they were police officers there to make an arrest for narcotics violation and forced the door open. In the back bedroom they found Mrs. Lemons counting $150 of pre-recorded state funds which had been handed to her by Bircher. They

arrested her without warrant, advised her of her constitutional rights, made a search following the arrest and found an additional quantity of heroin in a metal box under the bed.

The metal box was opened; the officer commented, "Look at the bread." There was approximately $1900 in cash in the box together with a quantity of heroin.

Mrs. Lemons stated that part of the money was hers, part belonged to Margaret, her niece (probably Margaret Ward) and the balance belonged to her husband, appellant Bennie Maurice Lemons (hereafter Mr. Lemons). She stated he was saving the money to buy a pool hall. In response to questions as to his whereabouts, she stated that he was down in Tijuana and he would be back later in the evening.

The officers waited at the residence until approximately 12:30 A.M., when Mr. Lemons arrived, then arrested him without a warrant. Upon a subsequent search of his person, at the time he was booked, a quantity of heroin was found inside his girdle. This is the heroin which was the basis of the conviction of Mr. Lemons.

Following the trial by jury Mrs. Lemons was convicted of Count 1, a violation of 21 U.S.C. Sec. 174, receiving, concealing etc., 7.5 grams of heroin (delivered to Bircher); Count 2, a violation of 21 U.S.C. Sec. 174, sale of 7.5 grams of heroin (to Bircher); Count 3, violation of 21 U.S.C. Sec. 174, receiving, concealing etc., of 24 grams of heroin (found in the metal box).

During the same trial Mr. Lemons was convicted on Count 4, a violation of 21 U.S.C. Sec. 174, receiving, concealing etc., of the heroin (found in his girdle).

Mrs. Lemons was sentenced to the minimum penalty, 5 years on Counts 1, 2 and 3 to run concurrently.

Mr. Lemons was also sentenced to the minimum penalty 5 years on Count 4.

---

1. Margaret Ward was indicted with the appellants but the case against her was dismissed when the government could not produce Bircher for the trial.

## THE APPEAL OF LIZZIE ETTA LEMONS

█ The validity of arrest by state officers without a warrant is determined by the law of the state in which the arrest was made. Miller v. United States, (1958) 357 U.S. 301, 78 S.Ct. 1190, 2 L. Ed.2d 1332; United States v. Di Re, (1948) 332 U.S. 581, 68 S.Ct. 222, 92 L. Ed. 210.

█ Under California law, an arrest without a warrant is justified, insofar as it is not violative of the U. S. Constitution, if the arresting officer has probable cause to believe that the person arrested has committed a felony. People v. Coleman, (1965) 235 Cal.App.2d 612, 45 Cal. Rptr. 542; California Penal Code, Section 836.

█ "Evidence required to establish guilt is not necessary. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327. On the other hand, good faith on the part of the arresting officers is not enough. Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

Mrs. Lemons contends that officer Walker was at the back door of the Lemons residence and could not have observed the transaction at the front screen door. However, the record shows that officer Walker testified that through the hallway he saw Mrs. Lemons at the front door. She and Mr. Bircher stood just inside the front door. Mrs. Lemons leaned over and appeared to be picking up an object from a table. She extended her hand towards Mr. Bircher and Mr. Bircher in turn extended his hand towards Mrs. Lemons, then Mr. Bircher gave Mrs. Lemons a quantity of what appeared to be money, Mr. Bircher then turned and went out the front door. The record also shows that when Mr. Bircher returned from the front door, being continuously in sight of the officers, he had the narcotics and did not have the money previously supplied to him.

Moreover, Officer Odom observed the transaction from a car parked overlooking the front door and testified "it appeared to me that Mr. Bircher handed her some money and she handed an object to Mr. Bircher."

Mrs. Lemons contends that the narcotics could have been supplied to Bircher by Margaret Ward. Mrs. Lemons was found with the marked money and even if Ward supplied the narcotics Mrs. Lemons was an aider and abettor and guilty as a principal.

█ She also contends no proof was made of the reliability of the paid employee or informer, Bircher. In view of what was observed by the officers there was no issue as to his reliability. Disregarding his statement to the officer that he handed Mrs. Lemons the money and received the narcotics from her, there was ample evidence to show probable cause for the arrest.

█ There was probable cause for the arrest of Mrs. Lemons and the search of the bedroom following the arrest was valid.

## THE APPEAL OF BENNIE MAURICE LEMONS

The validity of the conviction of Mr. Lemons for possession of the heroin depends on whether the officers had probable cause to arrest him without a warrant and not upon finding heroin in his possession. If the arrest was valid, then the personal search was valid and the conviction is valid.

Mrs. Lemons after her arrest informed the officers that part, probably $850 of the $1900 found in the metal box under the bed belonged to her husband, Mr. Lemons; that he had gone to Tijuana, Mexico and would return later that evening. In the metal box along with her husband's money were papers of heroin.

Since Mr. Lemons was expected to return shortly from Mexico, there was no opportunity to obtain a warrant. Moreover the condition of the front door which

had been broken in, might have alerted him on his return.

 There was probable cause for the arrest of Mr. Lemons (see cases supra), and the resulting personal search disclosing heroin in his girdle, was a legal search.

### OTHER ISSUES

Counsel for appellants raised three other issues in his brief but submitted them without argument. They were (1) misconduct on part of the jury, (2) allowing the jury to deliberate too long in view of the short time of trial, and (3) that appellants, after they made bond following the state arrest, were arrested on federal warrants. We have examined the record and conclude these contentions are without merit.

The conviction of each appellant is affirmed.