**James Nelson COLEMAN, Petitioner-Appellant,**

v.

**E. L. MAXWELL, Warden, Ohio Penitentiary, Respondent-Appellee.**

No. 17582.

United States Court of Appeals
Sixth Circuit.

Dec. 21, 1967.

As Amended on Denial of Rehearing
March 25, 1968.

William P. Streng (Court Appointed), Cincinnati, Ohio (John J. Dilenschneider, Columbus, Ohio, on the brief), for appellant.

Leo J. Conway, Columbus, Ohio (William B. Saxbe, Atty. Gen., Columbus, Ohio, on the brief), for appellee.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

Petitioner-appellant (hereinafter "appellant") was convicted in the state court under an indictment charging three counts of burglary and three of larceny of an inhabited dwelling arising out of the burglary of three separate residences. On appeal the judgment of conviction was affirmed by the Ohio Court of Appeals and the Supreme Court of Ohio and thereafter a petition for writ of habeas corpus was filed in the United States District Court. A dismissal by that court on the ground of failure to exhaust state remedies was reversed by this court and the cause was remanded for an evidentiary hearing, 6 Cir., 351 F.2d 285. After such hearing the District Court denied the petition for a writ of habeas corpus, but issued a certificate of probable cause and entered an order allowing an appeal in forma pauperis. Simultaneously with this appeal to this court from that order appellant filed a petition for writ of habeas corpus before a judge of this court which subsequently issued an order denying that petition but ordering that it and the supporting papers be filed as a part of the record in the present appeal. The matter is thus before this court for the third time.

Counts Nos. 3 and 4 of the indictment were related to the burglary of the residence of one Albert White. In connection with that burglary and to sustain its burden of proof against appellant under these two counts the State of Ohio offered items obtained by police officers who made a search of certain premises referred to throughout these proceedings as a "storefront." These items comprised evidence which was the subject of a motion to suppress which was heard by

the trial court outside the presence of the jury. Following denial of that motion the articles were received in evidence, and it is their consideration by the jury which appellant here argues constituted a violation of his constitutional rights.

In considering that contention, the District Judge made findings of fact establishing that the storefront had been used by appellant in connection with his business as a registered investment counselor and his occupancy was based upon a lease drawn by his brother, an attorney, who represented him both in the preparation and execution of the lease. That lease was entered into July 10, 1961, and provided for monthly rental payments in advance of $130 per month. Simultaneously with the execution of the lease appellant made a payment to lessor as a security deposit, but the rental payment due August 10, 1961, was not made. The further findings of the District Court establish that after receiving an inquiry from police as to whether they could get into the storefront, the lessor called appellant's brother (the attorney who had represented him in connection with the lease), who told the lessor "to keep the security deposit, forfeit the lease and rent the storefront to someone else"; and that thereupon lessor "took possession of the storefront and placed a 'For Rent' sign in the window" on August 10th or 11th.

The District Court further found that appellant had returned to the storefront on August 10, 1961, had pried the hasp off the door and had had the custodian admit him. He was arrested later that day and was in police custody from that time through the day of the search. At 5:30 p. m. on August 24, 1961, following the conversation with appellant's brother above mentioned, lessor met police officers at the storefront and admitted them into the same. The ensuing search disclosed that the premises were empty "except for some debris that the custodian had swept into a pile." A metal identification marker and an air line flight tag, both of which had been on luggage taken in the White burglary,

were found in the debris. These constitute the controversial evidence.

After finding the facts as above summarized, the District Judge, citing Friedman v. United States, 347 F.2d 697 (8th Cir. 1965); Feguer v. United States, 302 F.2d 214 (8th Cir. 1962); Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); United States v. Thomas, 342 F.2d 132 (6th Cir. 1965); and United States v. Coots, 196 F.Supp. 775 (E.D.Tenn.1961) found and concluded that:

"This Court is of the opinion that the evidence clearly shows that the petitioner, through his attorney, forfeited his lease. The petitioner had been represented by his brother, Rodney Coleman, at the time the lease was entered into with Mr. Feldstein. * * * When Mr. Feldstein called Rodney Coleman after the petitioner had been arrested, Rodney Coleman did not deny that he represented the petitioner in regard to the lease. He instead told the landlord to keep the security deposit, forfeit the lease and rent the storefront to someone else. Thereafter, Mr. Feldstein took possession of the storefront and placed a 'For Rent' sign in the window. *Thus, this Court is of the opinion that the petitioner has no standing to object to the evidence seized by virtue of the search of the storefront because he had no interest of any kind in said storefront, as he had abandoned the premises.*" (Emphasis supplied.)

There is substantial evidence in the record to support the findings of fact made by the District Judge and we affirm his conclusions as to the applicable law.

■ The sentences imposed under Counts 1, 3 and 5 were provided by the trial court to run concurrently one with another, as were those imposed under Counts 2, 4 and 6. It being our determination that the imposition of the sentences under Counts 3 and 4 were valid, it becomes unnecessary to consider appellant's contentions as to the sentences imposed under Counts 1 and 2 and 5 and

6.* See Lowther v. Maxwell, 347 F.2d 941 (6th Cir. 1965); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); and McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).

Affirmed.

---

* A post hearing communication received from appellant's counsel states that certain items obtained during an allegedly illegal search of an automobile were introduced into evidence "as to" Counts 3 and 4, but this assertion is not supported by the record in this court. Assuming, however, that these items (prosecution's exhibits 7 and 8) were material to Counts 3 and 4, examination of the facts pertaining to exhibits 7 and 8 indicates that the introduction of this evidence at trial did not offend any of appellant's constitutional rights under the Fourth Amendment. See Harris v. United States, 390 U.S. ——, 88 S.Ct. 992, 19 L.Ed.2d 1067 (decided March 5, 1968); Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1966).