**Freddie Lee TILFORD, Appellant,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Appellee.**

**No. 10094.**

United States Court of Appeals
Tenth Circuit.

May 24, 1968.

Mac Oyler, Oklahoma City, Okla., for appellant.

Charles L. Owens, Asst. Atty. Gen., (G. T. Blankenship, Atty. Gen. of Oklahoma with him on the brief) for appellee.

Before MURRAH, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge,* and BREITENSTEIN, Circuit Judge.

PER CURIAM.

Appellant was convicted of murder following a jury trial and is presently under

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

sentence of death. His conviction and sentence were affirmed by the Oklahoma Court of Criminal Appeals and rehearing was denied. Tilford v. State, 437 P.2d 261 (Okl.Ct.Crim.App.1968). A petition for a federal writ of habeas corpus was denied without a hearing. We certified probable cause; issued a stay of execution and accelerated the appeal.

In the petition filed with the district court and the brief filed here, appellant presents twelve claims which, he asserts, renders the conviction and sentence constitutionally defective. At least two of these claims present grave constitutional questions.[1]

One of these claims involves the prosecutor's closing statement which allegedly contained impermissible and unconstitutional comment on Tilford's failure to testify in his own defense. See Fontaine v. California, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154 (1968); Anderson v. Nelson, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968); Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); and, Collins v. United States, 383 F.2d 296 (10th Cir. 1967). The other claim relates to an assertion that the state withheld evidence favorable to the defendant. See Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed. 2d 690 (1967) and Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

We believe that justice and comity would be best served by giving the Oklahoma Court of Criminal Appeals an opportunity to examine these serious contentions in light of recent authoritative decisions.

The order of the district court is vacated and the cause remanded with instructions to grant a stay of execution and hold the matter in abeyance for a reasonable time to allow the appellant to

---

1. We express no view concerning the other ten claims.

present his claims to the state court and to give that court an ample opportunity to consider them.

Reversed and remanded.