Bobby D. ELDRIDGE, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 9906.

United States Court of Appeals Tenth Circuit.

Aug. 23, 1968.

Before MURRAH, Chief Judge, and HILL, Circuit Judge.

PER CURIAM.

Eldridge was convicted of burglary in 1965 and sentenced to a term of imprisonment in the state penitentiary where he is presently incarcerated. The conviction was affirmed on appeal. State v. Eldridge, 197 Kan. 694, 421 P.2d 170 (1966). No state post conviction remedies have been pursued. A federal habeas corpus petition was dismissed for failure to exhaust state remedies.[1] We affirm.

Appellant contends he need not pursue Kansas post conviction remedies as the issues present in his federal habeas corpus petition were considered on direct appeal to the Kansas Supreme Court and rejected by that court. State v. Eld-

ridge, supra. In rejecting a similar contention this court recently emphasized the necessity for an evidentiary hearing where, as here, serious constitutional issues are raised. "Under the Kansas statute and rules, the post conviction court is empowered to hold an evidentiary hearing and to otherwise develop the facts as they relate directly to the constitutional issues there raised. Thus a record may be made and it may include facts not theretofore detailed. The record, as compared to the initial trial record, may be enlarged and the hearing directed specifically to the issues at hand. The state court thus has broad powers to direct the hearing in a manner and direction which will provide a complete factual background for the constitutional issues. A post conviction hearing is often of great consequence to the parties for several reasons. One reason is that much of consequence may have happened during the time which has elapsed between the trial and the post conviction hearing, no matter how long this may have been in months and years. Certain facts may have been overlooked before and other facts may have become much more significant by reason of new decisions on points of constitutional law." Brown v. Crouse, 395 F.2d 755 (10 Cir. May 6, 1968). We believe that justice and comity would be best served by giving the Kansas courts the opportunity to re-examine appellant's constitutional claims. Cf. Tilford v. Page, 395 F.2d 220 (10 Cir. May 24, 1968). If the state court declines to hold an evidentiary hearing directed to the constitutional issues, the federal district court should do so. Wood v. Crouse, 389 F.2d 747 (10 Cir. 1968).

Affirmed.

---

1. The district court also referred to the acceptance of the state court findings pursuant to 28 U.S.C. § 2254. Since appellant has failed to exhaust state remedies, we do not reach the other basis for dismissal. Our recent opinion in Brown v. Crouse, 399 F.2d 311 (10 Cir., July 26, 1968), delineates the proper procedure for summary dismissal based on factual determinations made by a state court.