Bernard Francis **DOERFLEIN**, Appellant,

v.

John E. **BENNETT**, Warden, Iowa State Penitentiary, Fort Madison, Iowa, Appellee.

No. 19593.

United States Court of Appeals Eighth Circuit.

Jan. 10, 1969.

Before MATTHES and LAY, Circuit Judges.

PER CURIAM:

This matter comes before this Court on application of the petitioner for a certificate of probable cause as the necessary precedent to file his in forma pauperis appeal from a denial of a writ of habeas corpus by the federal district court below. Petitioner also seeks appointment of counsel. The motion for appointment of counsel is denied; the application for a certificate of probable cause is granted. The Clerk is ordered to docket the appeal. This Court having reviewed the state proceedings and the district court file below further orders that the case be remanded to the district court pursuant to directions given herein.

The federal district court found that factual issues have been adequately resolved in that the petitioner was given a full factual hearing in the state district court and subsequent review by the Supreme Court of Iowa. See Doerflein v. Bennett, 259 Iowa 785, 145 N.W.2d 15 (1966). The federal district court found that in view of these historical facts there was no basis for the issuance of a writ.

The issue that is raised by petitioner is whether he has been denied the right of a speedy trial under the Fourteenth Amendment of the Constitution of the United States. The state district court held an evidentiary hearing and found that petitioner had been denied a speedy trial but that petitioner had failed under Iowa law to make a proper demand for trial. However, upon appeal the Iowa Supreme Court found in view of the fact that petitioner was in the penitentiary serving a sentence for another crime that he was therefore relieved from making the formal demand of trial. The Iowa Supreme Court held, however, that "good cause" for a continuance of trial existed under the Iowa statute by reason of petitioner's waiver. This waiver consisted of petitioner's appeal to the Iowa Supreme Court as to the denial of appointment of specific counsel, thereby depriving "the trial court of any jurisdiction to proceed with the trial of this case." 145 N.W.2d at 20. The Supreme Court of Iowa thus disagreed with the trial court's factual finding that the appeal did not constitute a waiver.

■■ Under Title 28 U.S.C. § 2254, a federal district court need not conduct an evidentiary hearing where a state court of competent jurisdiction has held a hearing on the merits of a factual issue. Under these circumstances the written finding shall be presumed to be correct unless the findings or hearings are otherwise deemed inadequate as more fully set forth under the statute. However, the mere holding of the hearing and the resolution of factual issues by the state court as well as the determination of federal constitutional issues [1] does not foreclose relief in a federal district court. As stated in Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1962):

> "Although the district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, *he may not defer to the findings of law.* It is the district judge's duty to apply the applicable federal law to the state court fact findings independently. The state conclusions of law may not be

---

1. It is now settled that the right to a speedy trial under the Sixth Amendment is mandatory as to the states under the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

given binding weight on habeas."[2] (Emphasis ours.)

Accordingly, this cause is remanded to the district court with directions to apply the applicable federal law to the facts as found by the state court, and to determine whether the petitioner is entitled to any relief.

2. The Supreme Court relies upon the opinion in the landmark decision of Brown v. Allen, 344 U.S. 443, 506, 508, 73 S.Ct. 397, 446, 97 L.Ed. 469, where Mr. Justice Frankfurter explains:

"On the other hand, State adjudication of questions of law cannot, under the habeas corpus statute, be accepted as binding. It is precisely these questions that the federal judge is commanded to decide."

\*       \*       \*       \*       \*

"Although there is no need for the federal judge, if he could, to shut his eyes to the State consideration of such issues, no binding weight is to be attached to the State determination. The congressional requirement is greater. The State court cannot have the last say when it, though on fair consideration and what procedurally may be deemed fairness, may have misconceived a federal constitutional right."