**Application of Melvin F. KISER for a Writ of Habeas Corpus.**

**Civ. No. 68–80S.**

United States District Court
D. South Dakota, S. D.

Jan. 16, 1969.

John L. Wilds, of Christopherson, Bailin & Wilds, Sioux Falls, S. D., for petitioner.

Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for Warden of South Dakota State Penitentiary and for the State.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Melvin F. Kiser, hereinafter referred to as petitioner, brings an application for a writ of habeas corpus in accordance with Title 28, Secs. 2242, 2243, and 2254 of the United States Code. The petitioner claims violation of his Constitutional Rights specifically as guaranteed by Article XIV and the Fourth and Sixth Amendments of the United States Constitution.

■ Although Title 28 U.S.C. sec. 2254 does not require that a federal district court conduct an evidentiary hearing, Doerflein v. Bennett, 405 F.2d 171 (8th Cir.), (January 10, 1969), evidence was taken in regard to petitioner's application. This evidence was considered together with the records submitted from prior state court proceedings. As required by Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962), both the independent evidence obtained and the state court records were reviewed to determine whether applicable federal law was correctly applied and interpreted in the state courts and to determine whether petitioner's Constitutional Rights were afforded him.

Petitioner was found guilty of two counts of grand larceny on March 24, 1966, in the Circuit Court of Codington County, South Dakota, and on March 31, 1966, was sentenced to six years on each count with the sentences running concurrently. Petitioner then filed an application for a writ of habeas corpus in the Circuit Court of Minnehaha County, South Dakota, which writ was issued on February 2, 1967, but was subsequently quashed on April 12, 1967. That judgment was then appealed to the South Dakota Supreme Court, which handed down its decision affirming the Minnehaha County Circuit Court on May 1, 1968, Application of Kiser, 158 N.W.2d 596. The petitioner subsequently made application for a writ of habeas corpus to this court.

The petitioner's application for a writ in this court was opposed by the State of South Dakota contending that the petitioner had not fulfilled the qualifications of having exhausted his State remedies before making application for relief in the Federal Court. This court has accepted jurisdiction in this matter pursuant to the decision in McCreary v. Sigler, (8th Cir.), (August 22, 1968), which stated in part:

The District Court properly held that the doctrine ordinarily permitting dismissal for failure to exhaust currently available state post-conviction remedies was inapplicable because the "precise point petitioner relies on here has been presented to the Supreme Court of Nebraska and decided adversely to petitioner on the merits" and because "the doctrine of exhaustion of remedies does not require repeated attempts through a postconviction remedy. Coleman v. Maxwell, 351 F.2d 285, 286 (6th Cir. 1965." This ruling of the District Court was correct because the precise issue presented to the District Court in this federal petition for habeas corpus had been presented to, and decided on the merits by, the Nebraska Supreme Court *on precisely the same evidence offered by the parties in the District Court.* Therefore, the petitioner should not be required to seek postconviction relief in the committing state court and in the state appellate court on the same evidence and the same legal contentions submitted to and denied by the committing state court, the judgment of which has been affirmed on the merits by the state court of last resort.

Petitioner claims that his automobile was illegally searched and that objects were illegally seized from said automobile and that said objects were used to gain petitioner's conviction. The trial transcript clearly shows that all of said evidence taken from the petitioner's auto was received into evidence with no objection being offered.

 In its consideration of petitioner's allegation of illegal search and seizure, the South Dakota Supreme Court found that the search of the petitioner's auto and the seizure of said evidence was incident to a lawful arrest. 158 N.W.2d 596 at p. 602 citing United States v. Robinson (2d Cir.), 325 F.2d 391. Petitioner, in an unsupported statement, alleges that when he inquired of Deuel County Sheriff Armond Vik, who was detaining the petitioner at Tunerville, South Dakota, whether he was under arrest, Sheriff Vik answered that he was not. Petitioner then stated that if he was not under arrest that he was going to leave, but was not permitted to do so and was told that he was being held for the Watertown authorities. It is this detention at Tunerville that the South Dakota Supreme Court determined constituted a lawful arrest.[1] This court must consider the surrounding circumstances to determine whether they would meet federal due process as required by the United States Constitution. Federal Courts have determined that a stopping or accosting amounts to an "arrest" if the defendant's freedom of movement is restrained in any way, or if the impression is conveyed to him by accosting officers that he is not free to move on or to go away at his pleasure. Kelley v. United States, 111 U.S.App.D.C. 396, 298 F.2d 310 (1961).

 Petitioner's own testimony would indicate that an arrest was effected by Sheriff Vik at Tunerville. The constitutionality of that arrest without a warrant would then be dependent upon the probable cause known by the arresting officer. Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.

[1]. As a general rule, the notice of arrest is sufficient when it is such as to inform a reasonable man of the authority and purpose of the one making the arrest, and the reason thereof. "Circumstances, without express words, may afford sufficient notice." 6 C.J.S. Arrest § 6e at p. 603.

2d 730; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.[2] The arresting officer, Sheriff Vik, was informed that two men had taken a gun from the Gamble store in Watertown and had left in a dark colored Oldsmobile with a black and white license plate. Certainly his detention, which has been held to constitute an arrest, and in which holding this court concurs, of two men driving an auto that met the description given would sufficiently constitute probable cause [3] to make the arrest valid under federal due process.

■ Petitioner also alleges that the apprehending officers failed to take him immediately before a magistrate in accordance with SDC 1960 Supp. 34.16A03. Although this fact is not in dispute, but is rather corroborated by the officers' testimony, the allegation does not provide petitioner with an issue that can have merit before this court. The right to be taken immediately before a magistrate may be granted by statute in the State of South Dakota, but it is not considered a Constitutional guarantee. Brown v. Allen, 344 U.S. 433, 73 S.Ct. 397, 97 L.Ed. 469 (1952); United States v. Morin, 265 F.2d 241 (3rd Cir. 1959).

The petitioner would also attack the validity of his conviction as to Count Two of the information charging him with the theft of one Remington Automatic 20-gauge, Model 1100, shotgun, on the basis that he was not apprehended initially by officers having knowledge of the theft of this gun. Although there does not seem to be sufficient evidence to determine the validity of petitioner's

claim, such determination would be of little benefit to the petitioner since the conviction of the two counts resulted in identical sentences which are running concurrently, and this court has just affirmed the validity of petitioner's conviction for Count One of the information charging him with the theft of the shotgun taken from Gambles. Contrary to petitioner's request, this court need not consider petitioner's rights as expounded by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), since the United States Supreme Court has held that the *Miranda* rights are not retroactive in Johnson v. New Jersey, 384 U.S. 719 at 733, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and petitioner's trial was prior to *Miranda*.

■ It should be pointed out that this court need not consider even Constitutional infringements that occurred before petitioner's arraignment and trial itself unless there is evidence that his trial was tainted thereby and that petitioner was not afforded a fair trial. Sheldon v. State of Nebraska (8th Cir. 1968), 401 F.2d 342 at 345. There is no evidence to indicate that petitioner did not get a fair trial.

The foregoing shall constitute findings of fact and conclusions of law. The petition for a writ of habeas corpus is denied, and petitioner is hereby remanded to the custody of Don R. Erickson, as Warden of the South Dakota State Penitentiary at Sioux Falls, South Dakota.

2. Page four of petitioner's brief would attempt to limit the validity of a search without a warrant to the three exceptions that were given in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L. Ed.2d 777 (1964):
 A. To seize weapons or other things which might be used to assault an officer,
 B. To prevent effecting an escape,
 C. To prevent the destruction of evidence of the crime. It is the opinion of this court that the above exceptions are listed merely as examples and are not meant to be exclusive.

3. "(P)robable cause" exists if the facts and circumstances known to the officer warrant a prudent man in believing that an offense has been committed. Lemons v. United States, 390 F.2d 346 at 349 (9th Cir. 1968), citing Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).