Application of Timothy CONNORS, for a Writ of Habeas Corpus.

Civ. 68-122S.

United States District Court
D. South Dakota, S. D.

April 2, 1969.

Timothy J. Nimick, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for petitioner.

Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for Warden of the South Dakota State Penitentiary and State of South Dakota.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a ruling on an application of Timothy Connors for a writ of habeas corpus pursuant to Title 28, Sec. 2254 of the United States Code. A hearing was held on December 13, 1968, and a continuation hearing was held on December 30, 1968. Petitioner appeared in person accompanied by his attorney, Timothy J. Nimick. Assistant Attorney General, Walter W. Andre, appeared for the State of South Dakota. Having heard the testimony of witnesses Egeland and Connors and the arguments and authorities cited by counsel for both sides, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The petitioner, Timothy Connors, is a citizen of the United States, and is presently imprisoned and restrained of his liberty and detained under the color of authority of the State of South Dakota, in the custody of Don R. Erickson, Warden of the South Dakota Penitentiary at Sioux Falls, South Dakota, in this district.

2. The claim and authority by which the petitioner is restrained of his liberty is a Judgment and Sentence of the Circuit Court in and for the County of Minnehaha, South Dakota, rendered on October 4, 1965.

3. The petitioner, after completing a sentence in Minnesota for attempted robbery, waived extradition and hearing and was returned to this jurisdiction on May 21, 1965. Petitioner was then tried before a jury under an information charging him and Richard E. Williams with the July 13, 1961, robbery of the Red Owl store on 14th Street and Minnesota Avenue in Sioux Falls, South Dakota. The trial commenced September 28th, and was concluded September 30, 1965. The petitioner was found guilty of first degree robbery and was sentenced to serve ten years in the South Dakota State Penitentiary. Statements elicited from the petitioner under custodial interrogation were admitted without objection by counsel for petitioner at the trial in Circuit Court.

4. Petitioner was questioned about the July 13, 1961, Sioux Falls robbery by Captain Clifford E. Egeland of the Minneapolis Police Department. At the December 30, 1968, hearing in this court, Special Agent Clifford E. Egeland of the Office of Special Investigation, United States Air Force, formerly Captain Egeland of the Minneapolis Police Department, appeared before this court at the request of the State of South Dakota and testified that he had told petitioner prior to the interrogation involving the Sioux Falls robbery that he, petitioner, had the right to remain silent and the right to counsel. At the December 30th hearing Mr. Egeland also testified in part:

Q. Isn't it a fact that Mr. Connors requested to talk to an attorney?

A. Yes.

Q. And isn't it further a fact that he stated that he wouldn't give a statement to you or talk to you until he had that opportunity?

A. Yes.

Q. Were you present when Lieutenant Knott was there?

A. No.

Q. And you would have no independent knowledge, then, of what Lieutenant Knott may or may not have advised Mr. Connors?

A. No.

Q. Mr. Connors was being held at the time, of course, for—or had been arrested for a crime?

A. Yes.

Q. And he was in your custody for that?

A. Yes, in the Minneapolis City Jail.

Q. Mr. Connors did not consult with an attorney prior to talking to you, did he?

A. No, not to my knowledge.

Q. And as a matter of fact, didn't he tell you that he would talk to any attorney, even if it's a court appointed attorney?

A. Yes.

Q. And you did not provide a court appointed attorney for him, did you?

A. No.

As a result of Captain Egeland's interrogation of petitioner, Lieutenant Harry Knott of the Sioux Falls Police Department went to Minneapolis to question the petitioner about the Sioux Falls robbery. At the time of this interrogation of petitioner by Lieutenant Knott, petitioner gave Knott the statement used to gain his conviction in the Minnehaha County Circuit Court. At that trial, in reference to this interrogation, Knott testified in part:

Q. Prior to the time you started your interrogation of Mr. Connors, I will ask you if you advised him that he was entitled to the right of counsel?

A. To the extent of what I said before.

Q. Well just answer my question please?

A. Well—.

Q. Did you advise him that he was entitled to the right of counsel?

A. *No sir.* (emphasis added)

Q. Did you advise him that anything he may say would have to be voluntary and that it might possibly be used against him later in a Court of Law?

A. Not in those words.

5. The testimony of Captain Egeland may not have been available at any of the other hearings involving petitioner and may then not have been available to any of the courts holding these hearings to assist them in reaching their decisions. This testimony would indicate that petitioner did request counsel, but that it was not afforded him.

6. The inadmissibility of petitioner's statements made without the benefit of counsel was considered by the South Dakota Supreme Court in the March 6, 1967, decision of State v. Connors, 149 N.W.2d 65, which decision affirmed petitioner's Circuit Court conviction. At p. 68 of that opinion the Court stated: "Appellant made no request to consult with an attorney or anyone else nor did an attorney seek to confer with him as occurred in Escobedo."

7. Since the South Dakota Supreme Court's decision affirming his conviction, petitioner has availed himself of post-conviction relief by application to the Circuit Court in and for Minnehaha County, South Dakota. This application urged the point considered by the Supreme Court and upon which petitioner relies in this court: the admissibility of statements taken from him without providing him with counsel. The application for post-conviction relief was denied on March 19, 1968, and petitioner then caused the present action to be brought in this court.

## CONCLUSIONS OF LAW

1. The petitioner has sufficiently exhausted his state remedies to be properly before this court. The failure of petitioner to exhaust currently available state post-conviction remedies is inapplicable because the precise point petitioner relies on here has been presented to the Supreme Court of South Dakota and decided adversely to

the petitioner on the merits. "(T)he doctrine of exhaustion of remedies does not require repeated attempts through a postconviction remedy. Coleman v. Maxwell, 351 F.2d 285, 286 (6th Cir. 1965)." McCreary v. Sigler, 406 F.2d 1264, August 22, 1968, United States Court of Appeals, Eighth Circuit.

■ 2. A statement or confession taken from an accused without affording the benefit of counsel, absent a valid waiver of the right to counsel, is inadmissible. "We hold only that when the process shifts from investigatory to accusatory—when its focus is on the accused and its purpose is to elicit a confession—our adversary system begins to operate, and, under the circumstances here, the accused must be permitted to consult with his lawyer." Escobedo v. State of Illinois, 378 U.S. 478, 492, 84 S.Ct. 1758, 1766, 12 L.Ed.2d 977 (1964).

■ 3. The accused need not request counsel. "We find ample judicial authority supporting the view that the right to counsel at the interrogation stage does not depend on a request (to have counsel) by the person interrogated, although there are decisions to the contrary * * *" (citations omitted.) United States v. State of New Jersey, 351 F.2d 429, 438 (3rd Cir. 1965).

■ 4. Where the right to counsel exists, any statement obtained without the benefit of counsel must be suppressed independent of any issue of the voluntariness of the statement. United States v. State of New Jersey, 351 F.2d 429 (3rd Cir. 1965).

■ 5. There must be an effective waiver of the right to counsel. "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

■ 6. In accordance with the above authorities, it is the conclusion of this Court that petitioner was denied due process of law, specifically his right to counsel and the right to remain silent, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States. This is the result of the failure to adequately provide counsel for petitioner during the interrogatory process upon petitioner's request and the further failure to advise him that he need not give a statement without the benefit of counsel after his request for counsel.

7. Petitioner is now being unlawfully imprisoned and restrained under the Judgment of said State Court in the custody of Don R. Erickson, Warden of the South Dakota State Penitentiary at Sioux Falls, South Dakota.

8. The petition for a writ of habeas corpus is hereby granted, and it is hereby ordered that the said Timothy Connors shall be released unless retried within ninety (90) days from the date of this memorandum decision or within ninety (90) days from the mandate received from the Eighth Circuit Court of Appeals in the event of an appeal by the State of South Dakota resulting in an affirmance of this decision.