**James N. COLEMAN, Petitioner,**
**v.**
**William D. SALSBURY, Respondent.**
**No. C 69-27.**

United States District Court,
N. D. Ohio, E. D.
April 11, 1969.

---

James N. Coleman, in pro. per.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent.

---

LAMBROS, District Judge.

This is a petition for a writ of habeas corpus. The petitioner is presently confined in the custody of the respondent at the Chillicothe Correctional Institution, Chillicothe, Ohio.

There is no question but that the petitioner has exhausted the remedies available to him under the law of Ohio for challenging the validity of his conviction. Title 28, U.S.C.A., § 2254. In addition, he has made numerous attempts to secure relief by way of habeas corpus from the federal courts, both in the Southern District of Ohio, the Sixth Circuit Court of Appeals, before the United States Supreme Court, and before this Court.

A recitation of the facts underlying the petitioner's conviction is contained in Coleman v. Maxwell, 387 F.2d 134 (6th Cir. 1967). The petitioner asserts that the trial court committed error of constitutional magnitude in refusing, at a hearing on his motion to suppress evidence, to permit his counsel to inquire into what specific items were found in the allegedly illegal search of his wife's automobile. The petitioner indicates that he is not asserting at this time that the alleged search was invalid under the Fourth Amendment. He states that he recognizes this issue was foreclosed by the United States Court of Appeals for the Sixth Circuit in Coleman v. Maxwell, 6 Cir., 387 F.2d 134. Rather, the petitioner asserts that the trial court's refusal to permit petitioner's counsel to inquire into what specific items were found deprived him of his right to a fair trial under the Fifth Amendment in the following respects: (1) As a result of the trial court's refusal, it lost jurisdiction of the case; (2) the trial court's refusal deprived him of his right to examine evidence against him under the Sixth Amendment to the Constitution, thus denying him a fair trial; (3) petitioner was prejudiced by the introduction of irrelevant evidence; and (4) he was deprived of his right of effective appellate review by the trial judge's refusal to give a written opinion on the motion to suppress.

The petitioner asserts that the items at issue here were seized during an allegedly illegal search of his wife's automobile. The Court of Appeals in its earlier consideration of the petitioner's claims has held that this search was valid. See 387 F.2d 134. The petitioner does not contest the finality of this determination. Rather, he asserts that he was deprived of certain rights by the trial court's refusal to permit his counsel to identify the items seized.

Since the Court of Appeals has held the search and seizure which produced these items to be valid, it is difficult to imagine how he might have been prejudiced by the admission of these items into evidence against him. Furthermore, it is difficult to imagine how he might have been prejudiced by the trial court's alleged failure to submit a written opinion detailing its reasons for its ruling on his motion to suppress this evidence.

In its earlier consideration of the petitioner's claims, the Court of Appeals upheld his convictions on counts 3 and 4 of the indictment. The petitioner at that time asserted that the items here in question were introduced against him as evidence on counts 3 and 4. With respect to this condition, the Court of Appeals stated:

"A post hearing communication received from appellant's counsel states

that certain items obtained during an allegedly illegal search of an automobile were introduced into evidence 'as to' counts 3 and 4, but this assertion is not supported by the record in this Court."

The petitioner has failed to demonstrate in his present petition that the items in question were introduced "as to" counts 3 and 4. Indeed, he has not alleged that this occurred. Therefore, he has failed to assert any prejudice which he might have suffered from the introduction of these items into evidence that taints his convictions on counts 3 and 4. Furthermore, he has already litigated the issue of whether these items were introduced "as to" counts 3 and 4 before the Court of Appeals, and cannot re-litigate that matter before this Court.

█ Petitioner's other asserted grounds for relief relate solely to issues of state law and, thus, may not properly be considered by this Court. Title 28, U.S.C.A., § 2241.

It is, therefore, ordered that the petition for habeas corpus be and is hereby denied.