1344

Paul INGRAM, Petitioner,

v.

John Will WINGO, Warden Kentucky
State Penitentiary, Respondent.

No. 2005.

United States District Court
E. D. Kentucky,
Lexington Division.

April 14, 1969.

Paul Ingram, pro se.

John Breckinridge, Atty Gen., Frankfort, Ky., for respondent.

## MEMORANDUM

SWINFORD, Chief Judge.

Petitioner, Paul Ingram, was indicted and tried in the Montgomery Circuit Court for the crime of grand larceny and having had two previous felony convictions and found guilty. At petitioner's trial, the deputy circuit court clerk read to the jury the previous judgments showing the convictions of petitioner for taking a motor vehicle without the consent of the owner and for storehouse breaking. Neither of these judgments indicated whether petitioner was or was not represented by counsel. At the trial, his court-appointed attorney did not interrogate the clerk nor introduce any evidence to show lack of counsel. Having been found guilty, petitioner was given a life sentence under the Kentucky Habitual Criminal Act. KRS 431.190.

Petitioner appealed his conviction to the Kentucky Court of Appeals, Kentucky's court of last resort, and presented to that court his constitutional claim that the two previous convictions were void because he had not been represented by counsel in either case. On May 3, 1968, the Court of Appeals rejected this contention and affirmed his conviction. Ingram v. Commonwealth, Ky., 427 S.W.2d 815. The court stated that it must presume that the prior "proceedings were correct and the burden rests on the accused to show otherwise." 427 S.W.2d at 819.

Petitioner filed an application for a writ of habeas corpus and motion to proceed in forma pauperis in the United

States District Court for the Western District of Kentucky on March 19, 1969, contending that his two prior convictions are void because he did not have counsel. Petitioner was granted leave to proceed in forma pauperis, and the case was transferred to this court pursuant to section 2241(d) of Title 28, United States Code.

■ This court is of the opinion that petitioner's application should be denied for failure to exhaust the remedies available in the Kentucky courts. 28 U.S.C. § 2254. It is true, as petitioner points out, citing Thomas v. Cunningham, 4 Cir., 313 F.2d 934, 937, that once a claim has been adjudicated by a state's highest tribunal, that is ordinarily sufficient to permit a petitioner to seek federal redress without successive rounds of state court litigation. The same rule applies in this circuit. Coleman v. Maxwell, 6 Cir., 351 F.2d 285. Nevertheless, federal courts must be ever mindful that the rule requiring state court remedies to be exhausted is grounded primarily upon the respect which federal courts have for the state judicial processes and upon the administrative necessities of the federal judiciary. Wade v. Mayo, 334 U.S. 672, 679, 68 S.Ct. 1270, 92 L.Ed. 1647.

The Sixth Circuit in Coleman v. Maxwell, supra, states the rule well:

"It is clear to this court that once an issue of asserted federal constitutional violation has been presented to the highest state court in the state concerned, that the doctrine of exhaustion of remedies does not require futile repetitive presentation to such court by repeated attempts through a variety of motions. (citing cases.)" 351 F.2d at 286.

This court is not convinced that the presentation of the constitutional issues raised by petitioner to the state courts through Kentucky's postconviction procedures would be "futile".

The Tenth Circuit has recently been faced with a situation similar to that now before this court. Like Kansas, Kentucky provides postconviction remedies (see RCr 11.42 and CR 60.02) and empowers the postconviction court to hold an evidentiary hearing. In Brown v. Crouse, 10 Cir., 395 F.2d 755, the habeas petitioner had presented his contention to the Kansas Supreme Court by direct appeal from his conviction but had not sought postconviction relief in the state courts. The Tenth Circuit, affirming the District Court's denial of the petition for failure to exhaust state remedies, said:

"Under the Kansas statute and rules, the post conviction court is empowered to hold an evidentiary hearing and to otherwise develop the facts as they relate directly to the constitutional issues there raised. Thus a record may be made and it may include facts not theretofore detailed. The record, as compared to the initial trial record, may be enlarged and the hearing directed specifically to the issues at hand. The state court thus has broad powers to direct the hearing in a manner and direction which will provide a complete factual background for the constitutional issues. A post conviction hearing is often of great consequence to the parties for several reasons. One reason is that much of consequence may have happened during the time which has elapsed between the trial and the post conviction hearing, no matter how long this may have been in months and years. Certain facts may have been overlooked before and other facts may have become much more significant by reason of new decisions on points of constitutional law. These and other reasons are the basis for affording the remedy of collateral attack on judgments." 395 F.2d at 756.

See also Eldridge v. Crouse, 10 Cir., 400 F.2d 94, where the court, faced with a substantially identical situation, quoted approvingly from Brown v. Crouse, supra, and said:

"We believe that justice and comity would be best served by giving the

Kansas courts the opportunity to re-examine appellant's constitutional claims. Cf. Tilford v. Page, 395 F.2d 220 (10 Cir. May 24, 1968). If the state court declines to hold an evidentiary hearing directed to the constitutional issues, the federal district court should do so. Wood v. Crouse, 389 F.2d 747 (10 Cir. 1968)." 400 F.2d at 95.

In the instant case, this court believes that justice and comity would best be served by giving the Kentucky courts an opportunity to reconsider petitioner's claim.

An order in conformity with this memorandum is this day entered.