**James Nelson COLEMAN, Petitioner-Appellant,**

v.

**William D. SALISBURY, Superintendent, Chillicothe Correctional Institution, Respondent-Appellee.**

**No. 19578.**

United States Court of Appeals, Sixth Circuit.

March 6, 1970.

James Nelson Coleman, in pro per.

Paul W. Brown, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief for appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

ORDER.

This cause is before this Court on appeal by James Nelson Coleman, petitioner-appellant, from an order of the United States District Court for the Northern District of Ohio, Eastern Division, denying his petition for a writ of habeas corpus. Coleman is confined in the Chillicothe Correctional Institution at Chillicothe, Ohio, serving three concurrent life sentences for Breaking and Entering in violation of Section 2907.09, Ohio Re-

vised Code, and three concurrent sentences of Grand Larceny, running consecutively to the life sentences, in violation of Section 2907.20, Ohio Revised Code.

This is appellant's fifth case [1] on the dockets of this court.

In his brief on appeal now before the Court appellant poses nine questions. Six of these questions relate to evidence, three of which involve the search of his wife's automobile. This search was held valid in 387 F.2d 134. By two of the questions appellant alleges that the trial judge erred in his instructions to the jury. In the last question, appellant claims that he is entitled to immediate release from state custody by reason of the violation of his constitutional rights as enumerated in the above questions.

The appellant's petition sounds more in the nature of an appeal on the merits of the conviction to the state appellate court than it does in habeas corpus.

Over and over the appellant says that the constitutional questions herein were raised and created by our Court by its rulings of December 21, 1967 and March 25, 1968, 387 F.2d 134. Just how we created a denial of appellant's constitutional rights in his trial in the state court in 1961 is not quite clear.

Upon consideration, it is ordered that the judgment of the District Court be and it is hereby affirmed upon the opinion of Judge Lambros, reported at 308 F.Supp. 752.

---

[1]. Coleman v. Maxwell, 6 Cir., 351 F.2d 285; Coleman v. Maxwell, 6 Cir., 387 F.2d 134, (remanded to District Court by order March 10, 1967 for findings of fact and conclusions of law; District Court affirmed December 21, 1967; Rehearing denied and opinion amended by adding to the footnote by order March 25, 1968). Cert. den. 393 U.S. 1007, 89 S.Ct. 492, 21 L.Ed.2d 472; Coleman v. Salisbury, No. 19,365, App.Dism'd. by order May 5, 1969; Coleman v. Koloski, 415 F.2d 745. (In addition appellant has two or three cases pending on the Court's Misc. docket).