UNITED STATES of America ex rel. Edward BARTKOWSKI, No. H–9506

v.

Joseph F. MAZURKIEWICZ, Superintendent of Graterford Penitentiary.

Civ. A. No. 71–1467.

United States District Court, E. D. Pennsylvania.

Oct. 27, 1971.

David Kanner, Philadelphia, Pa., for petitioner.

MEMORANDUM AND ORDER

DITTER, District Judge.

This case comes before the court on a motion by a state prisoner for reconsideration of an order refusing a writ of habeas corpus.

On October 12, 1971, I dismissed the petition of Edward Bartkowski because he had failed to exhaust state remedies available under Pennsylvania's Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq. Bartkowski again asks that the writ be issued, contending any collateral proceedings in state court would be futile because the Commonwealth decided the issues adversely to him when his direct efforts to obtain a new trial were denied. He points out that the trial court turned down his post-trial motions, the Superior Court affirmed,[1] and the Supreme Court would not grant allocatur.

Neither the Superior Court nor the trial court, the Court of Common Pleas of Philadelphia, filed an opinion to support its action. Therefore, the basis for rejecting petitioner's claims is not clear. Moreover, the Supreme Court of Pennsylvania has indicated its desire that all federal constitutional questions be decided by the courts of the Commonwealth: Commonwealth ex rel. Harbold v. Myers, 417 Pa. 358, 366, 207 A.2d 805 (1965); Commonwealth v. Snyder, 427 Pa. 83, 89–90, 233 A.2d 530 (1967). Accordingly, I believe that justice and comity will best be served by requiring Bartkowski to seek collateral relief in the state courts. In this way, a complete factual background for any constitutional questions will be provided and the issues framed: See Eldridge v. Crouse, 400 F.2d 94 (10 Cir. 1968) and Ingram v. Wingo, 297 F.Supp. 1344 (E.D.Ky.1969). These issues can then be passed upon by judges whose duty to afford the petitioner all of his rights under the Constitution of the United States is no less than mine.

---

1. Commonwealth v. Bartkowski, 217 Pa.Super. 813, 270 A.2d 268 (1970).