Jackie Bob **BLAIR**, Appellant,

v.

Sherman H. **CROUSE**, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 8582.

United States Court of Appeals
Tenth Circuit.

April 21, 1966.

John E. Blake, Kansas City, Kan., for appellant.

Park McGee, Topeka, Kan., for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

BOHANON, District Judge.

The Petitioner here, Jackie Bob Blair, seeks release from the Kansas State Penitentiary upon a conviction, after a plea of guilty, entered by the District Court of Labette County, Kansas. Petitioner is there charged and entered a plea of guilty to the crime of burglary in the second degree. He filed his Petition for Writ of Habeas Corpus in the District Court of Kansas seeking his release therefrom. His term of sentence has not expired. The files and records show that Petitioner has not attempted to exhaust his state remedies. As a matter of fact, he states in his Petition, in answer to question No. 7, that he did not appeal from the Judgment of Conviction or the imposition of sentence. The District Judge denied the application without a hearing, and we hold that he did so rightfully.

A state prisoner is not at liberty to bypass state remedies. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Wagenknecht v. Crouse, 344 F.2d 920 (10 Cir. 1965); Von Eiselein v. Taylor, 344 F.2d 919 (10 Cir. 1965).

In the case at bar, Petitioner had open to him at the time of the filing of the Petition ample state remedies under K.S.A. 60–1507, providing for post-conviction remedies in the nature of those provided under 28 U.S.C. § 2255. He also had available remedies in the county in which he is presently restrained, and by original proceedings in habeas corpus in the Supreme Court of the state. See Kansas Session Laws 1963, Chapter 303, 60–1501.

The Judgment of the District Court is

Affirmed.