Le Roy St. Clair BROWN, Jr., Appellant,

v.

Sherman H. CROUSE, Warden, Kansas
State Penitentiary, Appellee.

No. 9669.

United States Court of Appeals
Tenth Circuit.

May 6, 1968.

Rehearing Denied June 19, 1968.

John H. Williamson, Denver, Colo.,
for appellant.

Daniel D. Metz, Asst. Atty. Gen. of
Kansas (Robert C. Londerholm, Atty.
Gen. of Kansas, on the brief), for appellee.

Before PICKETT, LEWIS and SETH,
Circuit Judges.

SETH, Circuit Judge.

Appellant Brown filed a petition for a writ of habeas corpus with the United States District Court for the District of Kansas seeking release from the Kansas State Penitentiary. The District Court denied his petition without a hearing on the ground that he had not exhausted his state remedies as prescribed by 28 U.S.C.A. § 2254, and this appeal was taken.

The Kansas statutes (K.S.A. § 60–1507) provide a Motion to Vacate, Set Aside or Correct Sentence as a method to collaterally attack state convictions. The appellant has not sought relief under this statute, nor has he sought any other post conviction relief except in the federal courts. The trial judge found that he had not exhausted his state remedies by reason of his failure to seek relief under the cited state statute.

The appellant urges in his petition before the trial court and on this appeal that it would be futile to initiate state post conviction proceedings, because the legal issues he raises were passed upon, among other points, by the Kansas Supreme Court in the direct appeal from his conviction. He also points out that the Kansas Supreme Court has held that it is not error for the post conviction trial court to refuse to consider petitions which raised "trial errors" which had theretofore been considered on a direct appeal. He urges that he comes within this rule and hence it would be useless to file a motion to vacate in the Kansas court.

The issues raised by the appellant in the petition before us include an assertion that his federal constitutional rights were violated at his state trial by reason of the admission of evidence obtained by an illegal search and seizure and of a confession wrongfully coerced from him; also by the failure of the Kansas officials to advise him of his rights to an attorney, and by their failure to provide him such an attorney. These issues, together with others, were in fact presented to the Kansas Supreme Court during the course of the appellant's direct appeal from his

conviction. State v. Brown, 198 Kan. 473, 426 P.2d 129.

The appellant here relies principally on the recent decision of this court in Wood v. Crouse, February 9, 1968, 389 F.2d 747 (10th Cir.). We there held that it would be futile to require Wood to present an unlawful search and seizure issue to the Kansas Supreme Court by an appeal from a denial of his state post conviction motion since it had been there twice before, and he had raised the same issue to the state trial court in his post conviction Motion to Vacate. Thus in Wood v. Crouse, supra, the petitioner had completed the trial court portion of his state post conviction procedure. His petition was dismissed and thus the record and the issues remained the same as they were during the course of his direct appeal. He had an opportunity for a post conviction hearing but the trial judge held it was not warranted. Under the Kansas rule of Miles v. State, 195 Kan. 516, 407 P.2d 507, it was not error for the trial court to so refuse to consider the issues further, and the dismissal was in accordance therewith. Under these facts we held it would have been futile to require an appeal from the state post conviction court to the Kansas Supreme Court.

In the case at bar appellant has sought no state post conviction remedies which are, and were, available to him. Under these circumstances, as compared to Wood v. Crouse, we should consider the possibilities which are open to the post conviction state court, that is, what it has the authority to do; thus not as in Wood, what it has already done. Under the Kansas statute and rules, the post conviction court is empowered to hold an evidentiary hearing and to otherwise develop the facts as they relate directly to the constitutional issues there raised. Thus a record may be made and it may include facts not theretofore detailed. The record, as compared to the initial trial record, may be enlarged and the hearing directed specifically to the issues at hand. The state court thus has broad powers to direct the hearing in a manner and direction which will provide a complete factual background for the constitutional issues. A post conviction hearing is often of great consequence to the parties for several reasons. One reason is that much of consequence may have happened during the time which has elapsed between the trial and the post conviction hearing, no matter how long this may have been in months and years. Certain facts may have been overlooked before and other facts may have become much more significant by reason of new decisions on points of constitutional law. These and other reasons are the basis for affording the remedy of collateral attack on judgments. If there is no real possibility in the remedy that a hearing can be shown to be worthwhile to develop the issues or the record further, then there is little or no substance to the remedy as a collateral one. The Kansas statute is intended to afford a real remedy of this nature. The importance of the post conviction hearing record has been shown in Tipton v. Crouse, 361 F.2d 817 (10th Cir.), in Sobota v. Cox, 355 F.2d 368 (10th Cir.), and in Cordova v. Cox, 351 F.2d 269 (10th Cir.).

Thus under the circumstances here present we should examine the exhaustion of state remedy issue on the basis of what procedures and possibilities are open to the Kansas post conviction court and not on a negative basis, that it, what it need not do or what is not error if it does not do. We cannot assume that the disposition of all the constitutional issues at the trial falls within the category of "trial errors" under the Miles case. In so considering the issue before us, we find that the appellant has not demonstrated that it is futile for him to seek the Kansas post conviction relief which is open to him. Blair v. Crouse, 360 F.2d 28 (10th Cir.). If we hold appellant need not seek such relief, we are assuming that the Kansas remedy of Motion to Vacate has become one which is not in fact collateral.

The United States District Court determined that appellant had not exhaust-

ed available state remedies, and thus there is nothing in the record to show that this is incorrect.

Affirmed.