**John OMO, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.**

No. 9792.

United States Court of Appeals
Tenth Circuit.

May 6, 1968.

Rehearing Denied June 19, 1968.

John H. Williamson, Denver, Colo., for appellant.

Daniel D. Metz, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

SETH, Circuit Judge.

This is a companion case to Brown v. Crouse, No. 9669, 10 Cir., 395 F.2d 755, and was heard with it.

The petitioner Omo filed a petition for a writ of habeas corpus with the United States District Court for the District of Kansas seeking his release from the Kansas State Penitentiary. He asserted several violations of his rights under the Constitution of the United States. These issues had been considered by the Kansas Supreme Court on appellant's direct appeal from his conviction. State v. Omo, 199 Kan. 167, 428 P.2d 768. Petitioner urges that under Miles v. State, 195 Kan. 516, 407 P.2d 507, the Kansas Supreme Court has adopted a rule that it is not error for the trial court to dismiss post conviction motions which raise "trial errors" passed upon by the Kansas Supreme Court on the direct appeal of movant's conviction. Appellant thus asserts that it would be futile for him to seek state post conviction relief, and relies on our recent case of Wood v. Crouse, February 9, 1968, 389 F.2d 747 (10th Cir.).

We find that Wood v. Crouse is not applicable here for the reasons we stated in our opinion filed in the case which is the companion to the one at bar. Brown v. Crouse, No. 9669, 395 F.2d 755 (10th Cir.).

The exhaustion of state remedies issue was properly determined by the trial court to be a proper reason to refuse to consider appellant's petition, and for the reasons set out in our opinion in Brown v. Crouse, supra.

Affirmed.