Manual CHAVEZ, Appellant,

v.

J. E. BAKER, Warden, Appellee.

No. 9936.

United States Court of Appeals
Tenth Circuit.

Sept. 16, 1968.

Thomas O. Olson, Special Asst. Atty. Gen., for appellee.

No response was filed by appellant.

Before MURRAH, Chief Judge, and SETH, Circuit Judge.

PER CURIAM.

Appellant, a state prisoner, appeals from a denial of his habeas corpus petition. The first contention is that he was charged and convicted under the wrong state statute. The state supreme court decided this question adversely to appellant. State v. Chavez, 77 N.M. 79, 419 P.2d 456 (1966). The interpretation of a state law by the highest court of the state is generally binding on a federal court "unless such interpretation is inconsistent with the fundamentals of liberty and justice." Newman v. Rodriguez, 375 F.2d 712 at 713 (10th Cir. 1967). Accord, Salazar v. Rodriguez, 371 F.2d 726 (10th Cir. 1967); Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965); Silva v. Cox, 351 F.2d 61 (10th Cir. 1965), cert. denied, 383 U.S.

919, 86 S.Ct. 915, 15 L.Ed.2d 673. We find no such inconsistency.

■■■ Appellant's second contention relates to a deletion in the indictment made by the trial judge. When "the attack upon the indictment is made collaterally, the judgment must stand if the indictment is sufficient to meet constitutional requirements." Flores v. United States, 338 F.2d 966, 967 (10th Cir. 1964). The indictment was constitutionally sufficient as it informed the appellant of the offense charged and alleged the essential elements of the offense. Cf. Flores v. United States, supra.

■ The final contention involves the trial court's refusal to give the jury appellant's tendered instruction on entrapment. Habeas corpus is not a substitute for an appeal and matters involving trial errors may not be reviewed collaterally. Kinnell v. Crouse, 384 F.2d 811 (10th Cir. 1967); Gaitan v. United States, 317 F.2d 494 (10th Cir. 1963).

■■ Although the appellee has not sought summary affirmance on the ground that the appellant has failed to exhaust available state remedies as required by 28 U.S.C. § 2554, we note that Chavez has not presented his claims to the state courts in any collateral proceeding. As we held in Brown v. Crouse, 395 F.2d 755 (10th Cir., filed May 6, 1968), a state prisoner must utilize available postconviction procedures and present factual questions to the appropriate state court in order to "provide a complete factual background for the constitutional issues." 395 F.2d 756. Here, Chavez raises no factual questions and the legal issues have all been considered and rejected by the highest court in New Mexico in the direct appeal from his conviction. Under these circumstances it would not be in the interest of the effective administration of justice to require this appellant to re-present these patently unsubstantial issues to the state courts.

Appellee's motion to affirm is granted and the judgment is affirmed.