

Kent Frizzell, Atty. Gen. and Edward G. Collister, Jr., Asst. Atty. Gen. have filed a Motion to Affirm and Suggestions in Support of Summary Affirmance on behalf of appellee.

William Glenn Denney, has filed a Memorandum Opposing Summary Affirmance and a Traverse of Appellee's Motion for Summary Affirmance pro se.

Before LEWIS, Chief Judge, BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

On December 9, 1969, the District Court of Cherokee County, Kansas imposed a forty (40) year sentence after Denney was convicted on charges of second-degree burglary and grand larceny. The direct appeal is now pending in the Kansas Supreme Court.

The federal district court denied habeas corpus relief for failure to exhaust available state remedies. We agree. This court has held that state remedies cannot be exhausted if an appeal from a state conviction is pending. Kessinger v. Page, 369 F.2d 799 (10th Cir. 1966) and Lee v. State of Kansas, 346 F.2d 48 (10th Cir. 1965). He must thereafter also initiate state postconviction relief pursuant to K.S.A. § 60–1507. Brown v. Crouse, 395 F.2d 755 (10th Cir. 1968) and Omo v. Crouse, 395 F.2d 757 (10th Cir. 1968).

We find no merit in Denney's attempt to show that available state remedies were not available when this petition was filed for he had not yet been sentenced. He also claims that the exhaustion requirement is inapplicable since the relief he seeks is allegedly pursuant to the Civil Rights Act, 42 U.S.C. § 1983. We have found no reference to that Act in the record. Regardless, the Civil Rights statute cannot be used by a state prisoner to circumvent the exhaustion requirement of 28 U.S.C. § 2254. Smartt v. Avery, 411 F.2d 408 (6th Cir. 1969).

Our initial review of this case prompted us to assign it to the Summary Calendar because of the unsubstantial issue presented. In addition, the appellee has filed a motion to affirm. A consideration of Denney's memorandum addressing the underlying merits, along with a thorough review of the files and record in this cause, convinces us that the judgment of the district court is correct and should be affirmed.

Accordingly, the motion to affirm is granted and the judgment is affirmed.

NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

VERNON CALHOUN PACKING COMPANY, Inc., Trans-Continent Packing Company, Inc., Respondents.

No. 29115.

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1971.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Jack H. Weiner, Atty., N.L.R.B., Washington, D. C., Elmer P. Davis, Director N.L.R.B., Fort Worth, Tex., for petitioner.

Franklin R. Sears, Joseph P. Parker, Fort Worth, Tex., for respondents.

Before BELL, DYER, and RONEY, Circuit Judges.

PER CURIAM:

Enforced. See Local Rule 21.[1]

**Aubrey DUNN, Plaintiff-Appellant,**
**Argonaut Insurance Company,**
**Intervenor-Appellant,**
v.
**CAMERON IRON WORKS, INC. et al.,**
**Defendants-Appellees.**
**No. 29530**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Jan. 18, 1971.

Donald V. Organ, Organ & Pierce, New Orleans, La., for plaintiff-appellant.

Edward J. Rice, Jr., New Orleans, La., for intervenor.

Breard Snellings, Richard D. Alvarez, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Lafayette WOOD, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**
**No. 25239.**

United States Court of Appeals, Ninth Circuit.

Jan. 8, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

\* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F. 2d 966.