**William L. BONHAM, II, Petitioner,**

v.

**Robert DENNEY, Sheriff of Carter County, State of Oklahoma, Respondent.**

**Civ. No. 73-132.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Sept. 28, 1973.

Valdhe F. Pitman, Oklahoma City, Okl., Bruce Green, Muskogee, Okl., for petitioner.

Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for respondent.

### ORDER

DAUGHERTY, Chief Judge.

This cause was commenced May 11, 1973, by the filing of a Petition for Writ of Habeas Corpus. Thereafter the respondent moved the court "To Require Petitioner to Expand his Allegations." The petitioner responded to this motion in such a manner as to apparently satisfy the respondents who have now filed a

Response to the court's Order to Show Cause. The Motion to Expand has therefore become moot and the matter is ready for the court's consideration and ruling.

The initial inquiry must be whether the petitioner has exhausted the remedies available to him in the courts of the State of Oklahoma. 28 U.S.C.A. § 2254. We think not. The petitioner was convicted in the District Court of Carter County, Oklahoma, Case No. CRT–71–184 of the offense of transporting an open container of alcoholic beverage with punishment fixed at a fine of $200.00 and was convicted in Case No. CRM–71–46 of the offense of operating a motor vehicle while under the influence of intoxicating beverage with punishment fixed at a fine of $250.00 and 60 days in the county jail. The cases were tried jointly and the sentences were imposed on May 31, 1972.

The petitioner perfected an appeal in the Oklahoma Court of Criminal Appeals, Cases numbered A–17,500 and A–17,501. On his appeal petitioner made two assignments of error:

1. That the trial court erred in overruling a motion to suppress the results of physical coordination test for intoxication performed by the defendant "without the defendant first being advised of his Fifth Amendment Constitutional right against self incrimination."

2. That a liquor bottle and cup containing an alcoholic beverage which were received in evidence had been obtained through an unlawful search and seizure.

On February 26, 1973, the appeals court affirmed the judgments and sentences of the trial court. The petitioner then filed a petition for rehearing in which he asserted that there had been five more irregularities in the trial which had not previously been brought to the attention of the court:

1. "The trial court at the hearing on defendant's Motion to Suppress Evidence erroneously placed the burden of proving a warrantless search to be unreasonable on the defendant."

2. "The trial court erroneously consolidated the two (2) cases in question for trial without a specific request from the defendant to do so."

3. "The trial court committed error in permitting evidence of a possible other crime to be introduced."

4. "The trial court erred in not permitting the defendant to be tried by a fair and impartial jury."

5. "The trial court erred in not granting defendants motion for mistrial due to the misconduct of the jury."

As indicated by the petition for rehearing these questions had apparently not been duly submitted to the court in the original appeal as required by the rules of the Court of Criminal Appeals. Title 22, Oklahoma Statutes, Ch. 18 App. Rule 1.16. The court summarily denied the petition for rehearing on April 3, 1973.

The petitioner now asks this court to grant relief on these same seven grounds. However, although the petitioner Bonham did pursue an unsuccessful direct appeal from the state judgments of conviction he has chosen to ignore the state post conviction remedy provided by 22 O.S.A. § 1080 et seq. Generally the institution of a post conviction action in the state sentencing court is a prerequisite to the granting of habeas relief in a federal court. Brown v. Crouse, 395 F.2d 755 (CA 10 1968); Omo v. Crouse, 395 F.2d 757 (CA 10 1968). It is only when the issue is purely one of law and there are no facts to be developed that the petitioner is not required to avail himself of state post conviction procedures in the sentencing court. Sandoval v. Rodriguez, 461 F.2d 1097 (CA 10 1972).

Clearly the Oklahoma Post Conviction Procedure Act, 22 O.S.A. § 1080 et seq., provides a remedy whereby the five issues belatedly submitted to the Oklahoma Court of Criminal Appeals in the

petition for rehearing may be presented to the sentencing court and the petitioner, if unsuccessful in that forum, by an appeal may properly place these matters before the Court of Criminal Appeals for review and determination on their merits.

The two questions considered on direct appeal are the type where an evidentiary hearing in a post conviction proceeding could conceivably develop the facts more fully. The petitioner claims that the advice of rights pronounced in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966) was not given prior to the administering of certain sobriety tests by the arresting officers. This is an issue of fact and the sentencing court can make a specific finding of fact which may be dispositive of this claim of the petitioner. His second contention is that there was an unconstitutional seizure of a bottle of liquor and a cup of alcoholic beverage from his automobile by the arresting officers. Again the key to a resolution of the constitutional question is the factual issue of whether the objects were in plain sight. The sentencing court can in a post conviction proceeding make the factual determination essential to the proper answer to the constitutional controversy. The rationale for requiring the institution of a post conviction action in a state sentencing court is set forth as 756 in the *Brown* case, supra:

> ". . . The post conviction court is empowered to hold an evidentiary hearing and to otherwise develop the facts as they relate directly to the constitutional issues there raised. Thus a record may be made and it may include facts not theretofore detailed. A record, as compared to the initial trial record, may be enlarged and the hearing directed specifically to the issues at hand. The state court thus has broad powers to direct the hearing in a manner and direction which will provide a complete factual background for the constitutional issues. A post conviction hearing is often of great consequence to the parties for several reasons. One reason is that much of consequence may have happened during the time which has elapsed between the trial and the post conviction hearing, no matter how long this may have been in years. Certain facts may have been overlooked before and other facts may become much more significant by reason of new decisions on points of constitutional law. These and other reasons are the basis for affording the remedy of collateral attack on judgments."

These two issues manifestly do not present purely matters of law as in the *Sandoval* case. Accordingly, since there has not been an exhaustion of state remedies on any of the issues raised herein the petition must be dismissed.

It is so ordered.