John Wesley MOLES, #86564,
Petitioner,

v.

STATE OF OKLAHOMA and County
of Pittsburg, Respondents.

No. 74–624–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

July 24, 1974.

---

John Wesley Moles, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

The court has examined the Petition for Writ of Habeas Corpus together with Motion for Leave to Proceed in Forma Pauperis and required affidavit presented to the clerk of this court. It appears therefrom that this is a proceeding for a writ of habeas corpus by a petitioner who is confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, in which he challenges the validity of the judgment and sentence of the District Court of Pottawatomie County, Oklahoma, in Case No. CRF–72–386. Therein, after a trial by jury he was found guilty of the offense of Larceny of a Domestic Animal After Former Conviction of a Felony and sentenced on June 8, 1973, to 15 years imprisonment. He claims that his conviction is constitutionally invalid because an involuntary confession was received in evidence.

It appears that the petitioner has not exhausted the remedies available to him in the courts of the State of Oklahoma.

Either because the petitioner is unfamiliar with appellate procedures or because he was attempting to mislead this court concerning his exhaustion of state remedies he alleges in his petition that this issue was presented in a "Post Conviction Appeal (Writ of Habeas Corpus) CCA Oklahoma City, Oklahoma". See answers to questions 14 and 15 of Petition. He states this "Post Conviction Appeal" was denied March 26, 1974. See question 13. A review of the Opinion of the Oklahoma Court of Criminal Appeals in Moles v. State, 45 O.B.A.J. 828, decided March 26, 1974, reflects that this

was a decision on petitioner's timely direct appeal from the judgment and sentence of the trial court. Thus, it affirmatively appears that petitioner in fact has never filed an application seeking post conviction relief in the state courts.

 Absent a showing of unavailability or ineffectiveness of state procedures a state prisoner is required to afford state courts the opportunity to consider and resolve claims of constitutional infirmity before raising these claims in federal court. 28 U.S.C.A. § 2254 and Hoggatt v. Page, 432 F.2d 41 (C.A. 10 1970). Although the petitioner, Moles, did pursue an unsuccessful direct appeal from the state judgment of conviction he has chosen to ignore the state post conviction remedy provided by 22 O.S.A. § 1080 et seq. Generally the institution of a post conviction action in the state sentencing court is a prerequisite to the granting of habeas relief in a federal court. Brown v. Crouse, 395 F.2d 755 (C.A. 10 1968); Omo v. Crouse, 395 F.2d 757 (C.A. 10 1968). It is only when the issue is clearly one of law and there are no facts to be developed that petitioner is not required to avail himself of state post conviction procedures in the sentencing court. Sandoval v. Rodriguez, 461 F.2d 1097 (C.A. 10 1972). The issues concerning any allegedly involuntary confession are the type where an evidentiary hearing in a post conviction proceeding can certainly develop the facts more fully. The rationale for requiring the institution of a post conviction action is set forth in the *Brown* case, supra:

" . . . The post conviction court is empowered to hold an evidentiary hearing and to otherwise develop the facts as they relate directly to the constitutional issues there raised. Thus a record may be made and it may include facts not theretofore detailed. A record as compared to the initial trial record, may be enlarged and a hearing directed specifically to the issues at hand. A state court thus has broad powers to direct a hearing in a manner and direction which will provide a complete factual background for the constitutional issues. A post conviction hearing is often of great consequence to the parties for several reasons. One reason is that much of consequence may have happened during the time which has elapsed between the trial and the post conviction hearing, no matter how long this may have been in years. Certain facts may have been overlooked before and other facts may become much more significant by reason of new decisions on points of constitutional law. These and other reasons are the basis for affording the remedy of collateral attack on judgments." 395 F.2d at 756.

This is not a case where there are no facts to be developed and the issues are purely matters of law as in the *Sandoval* case. On the contrary, as suggested by *Brown* the record as compared to the initial trial record may be enlarged and a hearing directed specifically to the issues at hand.

 Further, the only respondents named by the petitioner are the State of Oklahoma and the County of Pittsburg. He does not name as respondent the person having his actual custody. Therefore, this court has no jurisdiction to consider this action. Olson v. California Adult Authority, 423 F.2d 1326 (C.A. 9 1970), cert. denied, 398 U.S. 914, 90 S.Ct. 1777, 26 L.Ed.2d 78. See also Moore v. United States, 339 F.2d 448 (C.A.10 1964).

 Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The Petition will then be dismissed.

It is so ordered.