Steve KARLIN, # 89469, Petitioner,

v.

STATE OF OKLAHOMA, Respondent.

Civ. No. 76–0011–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Jan. 7, 1976.

Steve Karlin, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

The court has examined the Petition for Writ of Habeas Corpus together with Motion for leave to proceed in forma pauperis and required affidavit presented to the clerk of this court by the above-named petitioner. It appears therefrom that this is a proceeding for a writ of habeas corpus by a prisoner who is confined in the Oklahoma State Reformatory at Granite, Oklahoma, in which he challenges the validity of his judgment and sentence in the District Court of Payne County, Oklahoma. Therein, after a trial by jury the petitioner was found guilty of the crime of Robbery by Force and sentenced on February 6, 1975, to six years imprisonment. On direct appeal the judgment and sentence of the trial court was affirmed on September 24, 1975.

The petitioner does not set forth in his Petition in response to Questions 10 and 11 of the court approved form the grounds on which he bases his contention that he is being held in custody unlawfully together with the facts which support such claim but rather attaches to his Petition a copy of the brief which was filed in his direct appeal in the Court of Criminal Appeals of the State of Oklahoma. On direct appeal the petitioner raised three questions:

"1. The verdict is contrary to the evidence presented as raised by the Plaintiff-in-Error by:

(a) Demurrer to State's Evidence (Trial Transcript, page 65).

(b) Motion for New Trial (Court Record, page 17).

2. The sentence imposed was excessive as raised by Plaintiff-in-Error by:

(a) Motion for Deferred or Suspended Sentence (Court Record, page 16).

(b) Motion for New Trial (Court Record, page 17).

3. The Court erred in overruling Motion for Deferred or Suspended Sentence, as raised by Plaintiff-in-Error by:

(a) (Sentencing Transcript—February 6, 1975, page 16)."

█ The petitioner apparently misconceives the scope of federal habeas corpus. Habeas corpus in the federal courts does not serve as an additional appeal from State Court convictions. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Federal habeas corpus relief is available to state prisoners only on denial by the state of federal constitutional rights. 28 U.S.C.A. § 2254; *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *United States ex rel. Little v. Twomey*, 477 F.2d 767 (C.A.10 1973), cert. denied, 414 U.S. 846, 94 S.Ct. 112, 38 L.Ed.2d 94; *Mathis v. People of the State of Colorado*, 425 F.2d 1165 (C.A.10 1970). It is not available to review mere trial errors in criminal cases. *Pierce v. Page*, 362 F.2d 534 (C.A.10 1965). None of petitioner's appellate claims are of federal constitutional dimensions. It is well established that the sufficiency of evidence to support a state conviction raises no federal constitutional question and cannot be considered in federal habeas proceedings by State prisoners. *Sinclair v. Turner*, 447 F.2d 1158 (C.A.10 1971). Likewise his claim that his sentence was excessive does not raise a federal constitutional question. In *Cooper v. United States*, 403 F.2d 71 (C.A.10 1968) the court said:

". . . A sentence within the maximum prescribed by law will be deemed to be cruel and unusual only when such a conclusion is clearly required. *Hedrick v. United States*, 375 F.2d 121 (10th Cir. 1966). This is in recognition of the fact that the fixing of an adequate penalty is properly a matter of legislative concern. Hence it is only when it can be unhesitatingly said that the legislature has abused its discretion that the prescribed penalty will be abrogated by the court. *Bailey v. United States*, 74 F.2d 451 (10th Cir. 1934)."

This court stated in *Lewis v. State of Oklahoma*, 304 F.Supp. 116, 122 (W.D.Okl.1969):

". . . The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual punishment. Where the sentence imposed is within the limits prescribed by the statutes for the offense committed, it ordinarily will not be regarded as cruel and unusual. *Edwards v. United States*, 206 F.2d 855 at p. 857 (Tenth Cir. 1953)."

█ Moreover, if the petitioner did have any federal constitutional claims he has not exhausted the remedies available to him in the courts of the State of Oklahoma. Absent a showing of unavailability or ineffectiveness of State procedures a State prisoner is required to afford State courts the opportunity to consider and resolve claims of constitutional infirmity before raising these claims in federal court. 28 U.S.C.A. § 2254 and *Hoggatt v. Page*, 432 F.2d 41 (C.A.10 1970). Although the petitioner did pursue an unsuccessful direct appeal from the State judgment of conviction he has not pursued the State Post Conviction remedy provided by 22 O.S.A. § 1080, et seq. Generally, the institution of post conviction action in the State sentencing court is a prerequisite of the granting of habeas relief in a federal court. *Brown v. Crouse*, 395 F.2d 755 (C.A.10 1968); *Omo v. Crouse*, 395 F.2d 757 (C.A.10 1968).

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The Petition will then be dismissed.

IT IS SO ORDERED.