Wayne Ray GOWLER, Petitioner,

v.

Floyd ARNOLD, Warden, and the Attorney General of the State of Oklahoma, Respondents.

No. CIV–77–0793–D.

United States District Court, W. D. Oklahoma.

Oct. 20, 1977.

Wayne Ray Gowler, pro se.

Larry Derryberry, Atty. Gen. by Midge Martin McGee, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

Pursuant to 28 U.S.C. § 2254 the above-named petitioner, a federal prisoner, filed a Petition for Writ of Habeas Corpus challenging the validity of two sentences to be served in the future. These sentences were imposed by the District Court of Oklahoma County, Oklahoma on February 24, 1977, in cases numbered CRF–76–4640 and CRF–

76–4641. In response to the court's Order to Show Cause the Oklahoma Attorney General filed a motion to dismiss the petition on the ground that the petitioner had not exhausted his state remedies. It was alleged that in case No. CRF–76–4641 the petitioner was convicted by a jury of the offense of Obtaining Merchandise by Means and Use of a False and Bogus Check and was sentenced to a term of three years imprisonment and that the petitioner presently had a direct appeal pending in the Oklahoma Court of Criminal Appeals. It was further alleged that in case No. CRF–76–4640 the petitioner was convicted upon his plea of guilty of the offense of Obtaining Merchandise by Means and Use of a False and Bogus Check and was sentenced to a term of one year imprisonment to run consecutively to the sentence imposed in said case No. CRF–76–4641 and that the petitioner did not appeal by certiorari and has not applied for relief under the Oklahoma Post Conviction Procedure Act.

In opposition to the Motion to Dismiss the petitioner does not deny the allegations of the Attorney General although he states that he was unaware that there was a pending direct appeal in case No. CRF–76–4641. He does not contend that he has exhausted his state remedies but argues that he should not be required to do so. He asserts that he is entitled to have his action treated as a claim for relief under the Civil Rights Act, not subject to exhaustion requirements.

■ Since the petitioner is challenging the very fact of his custody by virtue of the Oklahoma judgments and sentences, and the relief he seeks is a determination that he is entitled to immediate release from the restraints of his Oklahoma convictions, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). It is fundamental that a prisoner seeking federal habeas relief from a state conviction must first exhaust his state remedies. 28 U.S.C. § 2254 and *Hoggatt v. Page,* 432 F.2d 41 (CA10 1970). He must afford to the state courts the opportunity to consider and resolve claims of constitutional infirmity be-

fore presenting them to the federal court. *Moles v. State of Oklahoma,* 384 F.Supp. 1148 (W.D.Okl.1974). When a prisoner has not had a direct appeal from his judgment of conviction then he must proceed by an application for post conviction relief under the Oklahoma Post Conviction Procedure Act before he can seek habeas relief in the federal court. *Watson v. Patterson,* 358 F.2d 297 (CA10 1966), cert. denied, 385 U.S. 876, 87 S.Ct. 153, 17 L.Ed.2d 103. Nor will a federal court entertain an application for a writ of habeas corpus if an appeal is pending in the state courts. *Denney v. State of Kansas,* 436 F.2d 587 (CA10 1971); *Kessinger v. Page,* 369 F.2d 799 (CA10 1966). Moreover, even after an unsuccessful direct appeal ordinarily the institution of a post conviction action in the state sentencing court is a prerequisite to the granting of habeas relief by the federal court. *Brown v. Crouse,* 395 F.2d 755 (CA10 1968); *Omo v. Crouse,* 395 F.2d 757 (CA10 1968). Therefore, the Motion to Dismiss must be sustained.

■ The petitioner has also moved the court for an order under Rule 23, Federal Rules of Appellate Procedure prohibiting his federal custodian from transferring him to another federal institution. Since the petitioner is not challenging his federal custody it may be doubted that Rule 23 applies in this situation. In any event the dismissal of the Petition for Writ of Habeas Corpus renders the Motion moot.

Accordingly, the Petition for Writ of Habeas Corpus will be dismissed because the petitioner has failed to exhaust his state remedies.

IT IS SO ORDERED.