**Jerry Wayne SMITH, Petitioner,**

v.

**Robert ATKINS, Warden, et al., Respondents.**

No. 80–3125.

United States District Court,
D. Kansas.

June 14, 1982.

Jerry Wayne Smith, pro se.

Robert Stephan, Kansas Atty. Gen., Topeka, Kan., for respondents.

### MEMORANDUM AND ORDER TO SHOW CAUSE

SAFFELS, District Judge.

On August 20, 1980, this Court entered an Order dismissing without prejudice the above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 for failure to exhaust the available state post-conviction remedy. Petitioner appealed the order of dismissal to the United States Court of Appeals for the Tenth Circuit. In a published opinion, the Circuit Court of Appeals reversed and remanded the cause to this Court for "reevaluation" of the issues presented in light of the exhaustion principles announced therein. *Smith v. Atkins,* 678 F.2d 883 (10th Cir. 1982).

The dismissal of this petition was based upon what we have long believed to be and applied as the rule in this Circuit that a Kansas prisoner who has not sought state post-conviction relief at the trial court level has not exhausted available state remedies notwithstanding that the issues raised in

the federal habeas corpus petition were presented to the Kansas Supreme Court on direct appeal. *Brown v. Crouse,* 395 F.2d 755 (10th Cir. 1968); *Omo v. Crouse,* 395 F.2d 757 (10th Cir. 1968); *Eldridge v. Crouse,* 400 F.2d 94 (10th Cir. 1968); *see also, Gowler v. Arnold,* 462 F.Supp. 427 (W.D.Okl.1977). The exception to this rule [found in the only Tenth Circuit case cited by the Circuit Court, *Sandoval v. Rodriguez,* 461 F.2d 1097 (10th Cir. 1972)] is when the issues presented to the federal court involve only questions of law so that an evidentiary hearing on the state level could not develop the facts further.

The rationales for requiring that the state post-conviction remedy be utilized were: (1) that the record upon an issue involving a question of fact might be more fully developed by way of a state habeas corpus proceeding; (2) that the trial court would be insured a fair opportunity to correct its own errors and to make findings of fact upon the issues; and (3) that the federal court should not assume that the Kansas collateral remedy is of little or no substance.

After we have applied this rule for several years, the Circuit Court of Appeals now admonishes us that their prior case law does not mandate such a rule, with no discussion of *Brown v. Crouse, supra, Omo v. Crouse, supra,* or *Eldridge v. Crouse, supra.* Instead, we are cited to *Sandoval v. Rodriguez, supra,* which, as previously noted, we have read as the exception to the general rule, and the quite recent concurring opinion of Justice Blackmun in *Rose v. Lundy,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). From the latter opinion, we are given the following quote:

"... once a prisoner has presented his claim to the highest state court on direct appeal, he need not seek collateral relief from the State...." *Id.,* fn. 1.

But, rather than leaving us with the cited language as a statement of the new rule which has recently been adopted in other circuits [*see, e.g., Burton v. Oliver,* 599 F.2d 49 (5th Cir. 1979); *Keener v. Ridenour,* 594 F.2d 581 (6th Cir. 1979); *Tippett v. Roberts,* 587 F.2d 373 (8th Cir. 1978); *see also, Sweitzer v. Hewitt,* 507 F.Supp. 247 (M.D. Pa.1980)], the Court proceeds to add some confusing qualifications. Now, we are told that "when a petitioner presents the *exact* constitutional issue to the state courts on direct appeal, sufficient exhaustion for purposes of 28 U.S.C. § 2254(c) will be presumed," which in itself is clear. However, we are also told that in order to determine whether the "exact" issue has been presented, we may be "guided by the 'legal versus factual' dichotomy set ... forth in *Sandoval v. Rodriguez, (supra)."* We are at a loss to comprehend how the nature of the issue as either factual or legal can logically affect a determination as to whether it was exactly presented.

The Circuit Court then states an additional maxim, which is not inconsistent with our prior handling of these cases, that the "relevant inquiry in each case is whether the factual issue was presented to the state courts in a posture allowing full and fair consideration." However, the Court follows this statement with instructions indicating that in making this inquiry we are to scrutinize the *consideration* given the fact issue by the state courts rather than the manner or posture in which the petitioner presented the issue, and whether such allowed for full and fair consideration. This added instruction does not comport with the threshold nature of the question of exhaustion of state remedies and the fact that the initial burden is upon the petitioner to show his right to review in federal court. The puzzling result is that this Court would be required to review the state court records in order to determine whether a full and fair consideration has been given to factual issues on the preliminary question of exhaustion when that is precisely what we do after we have determined that a fact issue has been fully exhausted and should be reviewed on the merits in federal court. We do not believe the Circuit Court so intended to totally relieve petitioner of the initial burden of showing full exhaustion by shifting that burden to the State and this Court. The State should not even be required to enter an appearance or respond in federal

court until after a convincing showing of exhaustion is made by petitioner. Otherwise, the State and this Court would be required to gather and review the state records in order to either satisfy petitioner's burden of demonstrating exhaustion or establish that it cannot be met.

■ Because we cannot comprehend the application we are to give these instructions from the opinion reversing our order of dismissal, we have construed the Circuit Court opinion as best we can and will apply that construction until it too is either overturned or approved in a future appeal. We will no longer look to *Brown v. Crouse, Omo v. Crouse, Eldridge v. Crouse*, or *Sandoval v. Rodriguez* as authority for exhaustion of state remedies and will not attempt to apply a fact/law dichotomy. Instead, we will follow the rule which we discern as the most logical deduction to be drawn from the premises set forth in the Circuit Court's opinion consistent with the provisions of § 2254. This rule is that any issue, factual or legal, which has been exactly presented to the highest court of the state shall be presumed to be exhausted.

■ The initial burden is on the petitioner to show full exhaustion either by stating facts in answer to the relevant questions of the form petition showing exhaustion or by providing copies of briefs filed in state court or of state court opinions demonstrating that the exact issue was presented to the state courts "in a posture allowing full and fair consideration." If a petitioner presents adequate factual averments or copies of documents to satisfy his burden of showing exhaustion of state remedies on each issue in his petition and the petition is not frivolous on its face, then this Court shall require the State to respond to petitioner's showing of exhaustion and to show cause.

■ As noted by the Circuit Court, petitioner in this case has presented eleven grounds in support of his petition for writ of habeas corpus. Petitioner avers that each and every ground for relief raised in the petition has been presented to the trial court and to the highest state court having jurisdiction. Thus, petitioner has satisfied his initial burden of showing exhaustion.

IT IS BY THE COURT THEREFORE ORDERED:

(1) That respondents herein are hereby required to show cause, in writing, within twenty (20) days from the date this order is filed, why the writ should not be granted and the prisoner released from custody.

(2) That the response should present:

(a) the necessity for an evidentiary hearing on each of the grounds alleged in his pleading; and

(b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

(3) Respondents shall cause to be forwarded to this Court for examination and review the following:

the records and transcripts, if available, of the criminal proceedings complained of by petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon the termination of the proceedings herein, the Clerk of this Court will return to the Clerk of the proper state court all such state court records and transcripts.

(4) That petitioner is hereby granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

(5) That the Clerk of this Court then return the file to the undersigned judge for such other and further proceedings as may be appropriate; and that the Clerk of this Court transmit copies of this Memorandum and Order and Show Cause Order to the Attorney General for the State of Kansas and to petitioner.

IT IS SO ORDERED.