986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael James FRANKLIN, Petitioner-Appellant,
v.
Louis E. BRUCE; Attorney General of Kansas, Respondents-Appellees.
 No. 92-3299.
 United States Court of Appeals, Tenth Circuit.
 Jan. 15, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Michael James Franklin (Franklin), appearing pro se, appeals from the dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Finding Franklin's appeal frivolous and not taken in good faith, the federal district court denied Franklin leave to proceed in forma pauperis on appeal.
 
 
 3
 In order to succeed on his motion to proceed without prepayment of fees and costs, petitioner must show both the financial inability to pay the required filing fees and the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We affirm the district court's denial of leave to proceed in forma pauperis. However, in order to reach the merits, we grant the petition for a certificate of probable cause.
 
 
 4
 Franklin is currently incarcerated in the Norton Correctional Facility, Norton, Kansas. Pursuant to Kan.Stat.Ann. § 60-1501, Franklin filed a habeas corpus petition in the Norton County District Court in May, 1992, which was followed by an amended petition in June, 1992. In July, 1992, Franklin filed the instant federal habeas corpus petition. In his petition, Franklin asserts that his parole was improperly revoked in April, 1992, and that he has since been detained in violation of his constitutional rights. Namely, he urges that he has not yet been afforded an evidentiary hearing.
 
 
 5
 The federal district court, by Memorandum and Order of July 31, 1992, dismissed Franklin's petition, noting that the state court had not addressed the issues raised, and that Franklin had, therefore, failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b).[1] The court observed that, "... petitioner has only begun the state procedure" and that "should the district court deny his petition, he must then appeal to the Kansas Court of Appeals." Then, "[i]f that court also denies him relief, he must petition for review in the Kansas Supreme Court."
 
 
 6
 Franklin appeals the decision dismissing his petition for federal habeas relief, asserting that he has presented his federal claim to the Norton County District Court and has been denied a full and fair evidentiary hearing. He asserts that he has exhausted all available state court remedies and that the state court's long delay has deprived him of due process of law, entitling him to an evidentiary hearing in federal court or a discharge from further unlawful restraint.
 
 
 7
 Franklin is not appealing from a state court's denial of his petition for habeas relief. No Kansas court has disposed of Franklin's petition, and he has therefore not exhausted his state remedies. See Blair v. Crouse, 360 F.2d 28 (10th Cir.1966). "The Court has long held that state prisoners must exhaust state remedies before obtaining federal habeas relief." Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1720 (1992). In Keeney, the Supreme Court indicated that exhaustion must be serious and meaningful and requires more than mere notice.
 
 
 8
 The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court. Comity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claim on the merits.
 
 
 9
 Id.
 
 
 10
 Here, Franklin attempts to bypass the orderly process of the state courts. He has failed to demonstrate an absence of state corrective processes, that he has exhausted all available state remedies, or that the state's corrective processes ineffectively protect his rights. The fact that the state court has not acted on petitioner's application for writ of habeas corpus which has been pending for about two months does not, without more, authorize the discharge of petitioner, and does not, without more, constitute exhaustion of state remedies or show that such remedies are ineffective. See Click v. Ohio, 319 F.2d 855 (6th Cir.1963).
 
 
 11
 Further, Franklin petitions this court for a writ of mandamus, or in the alternative, a writ of prohibition, directing the Honorable Dale E. Saffels, Senior United States District Court Judge for the District of Kansas, to show cause why an evidentiary hearing at the federal level will not be conducted.
 
 
 12
 "[T]o be entitled to mandamus relief, a petitioner must show a clear abuse of discretion or conduct which arbitrarily assumes and exercises authority contrary to that of the judiciary." McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991). Because mandamus is an extraordinary remedy, Franklin must also show "that he lacks an alternative for the relief he seeks." Id.
 
 
 13
 Franklin has failed to show that the district court abused its discretion. Because the Kansas state courts have not yet disposed of Franklin's habeas petition, the district court properly refused to entertain the same. Franklin has not demonstrated that he has no alternative from which to seek relief.
 
 
 14
 We have reviewed the record and are satisfied that the district court properly considered Franklin's petition for a writ of habeas corpus and correctly found that Franklin failed to exhaust all available state remedies. We conclude that Franklin can make no rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is DENIED. Further, Franklin's petition for a writ of mandamus, or alternatively, for a writ of prohibition, is DENIED. We AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 2254(b) provides:
 An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.