FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

June 7, 2024

Christopher M. Wolpert
Clerk of Court

_____

RICKY ALAN DEEPHOUSE,

    Petitioner - Appellant,

v.

WYOMING SUPREME COURT; STATE
OF WYOMING; WYOMING
ATTORNEY GENERAL,

    Respondents - Appellees,

No. 24-8007
(D.C. No. 1:23-CV-00162-SWS)
(D. Wyo.)

_____

**ORDER**
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Mr. Ricky Deephouse was convicted in state court of third-degree

sexual abuse of a minor. Mr. Deephouse unsuccessfully sought federal

habeas relief and wants to appeal. To appeal, he needs a certificate of

appealability. 28 U.S.C. § 2253(c)(1)(A). We decline to issue the

certificate because Mr. Deephouse hasn't exhausted his habeas claim.

The claim involves the correct charge. Mr. Deephouse argues that his

conviction should have been for sexual abuse in the fourth degree rather

than in the third degree.

Mr. Deephouse had also raised this claim in state district court. The

court rejected the claim, but Mr. Deephouse couldn't resort to federal

habeas proceedings until he exhausted the claim. 28 U.S.C. § 2254(b)(1). So Mr. Deephouse appealed to the state supreme court. But before the state supreme court had ruled, Mr. Deephouse reasserted the same claim in federal district court in a bid for habeas relief. Because Mr. Deephouse hadn't exhausted the claim, the federal district court dismissed the habeas petition.

We can issue a certificate of appeal only if the district court's ruling on exhaustion is reasonably debatable. *Laurson v. Leyba*, 507 F.3d 1230, 1231–32 (10th Cir. 2007). But Mr. Deephouse hasn't identified any flaws in the district court's ruling on exhaustion. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that an appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (stating that even unrepresented litigants must present an argument citing the record and supporting legal authority). And no such flaws are apparent, for "state remedies cannot be exhausted if an appeal from a state conviction is pending." *Denney v. State of Kan.*, 436 F.2d 587, 588 (10th Cir. 1971).

Because Mr. Deephouse hasn't presented a reasonably debatable challenge to the district court's ruling, we deny the request for a certificate

2

of appealability. And in the absence of a certificate, we dismiss the appeal.[1]

                                   Entered for the Court


                                   Robert E. Bacharach
                                   Circuit Judge

---

[1]    Mr. Deephouse separately seeks leave to appear in forma pauperis. Because he cannot afford to prepay the filing fee, we grant this request.